James A. Habershaw and Mary L. Habershaw, Husband and Wife v. Commissioner.
Habershaw v. Commissioner
Docket No. 73058.
United States Tax Court
T.C. Memo 1960-261; 1960 Tax Ct. Memo LEXIS 30; 19 T.C.M. (CCH) 1471; T.C.M. (RIA) 60261; December 6, 1960
*30 James A. Habershaw, pro se, 77 High Street, Pawtucket, R. I. Charles T. Shea, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined deficiencies in the petitioners' Federal income tax, as follows: Year
Kind of Tax
Deficiency
1953
Income
$ 817.66
1954
Income
830.70
1955
Income
1,203.15
1956
Income
1,289.34
The sole question for decision is whether petitioners are entitled to deduct the amounts of payments made on the principal of mortgage notes during the taxable years 1953 through 1956 in the amounts of $4,149.72, $3,739.06, $4,532.31 and $3,095.16, respectively. Findings of Fact James A. and Mary L. Habershaw, husband and wife, are residents of Pawtucket, Rhode Island. They filed joint Federal income tax returns for the years 1953 through 1956 with the district director of internal revenue at Providence, Rhode Island. In their income tax returns for 1953 and 1954 in Schedule F, Income from Rents and Royalties, and in 1955 and 1956 in Schedule G, Income from Rents and Royalties, petitioners attached a schedule entitled "Maintenance of Real Estate From Rents". *31 [1] These attached schedules reported gross rents received in the several years and subtracted from the gross rental amount various rental expenses. Included in the expenses were "Mortgage Note Payments" of $4,149.72 in 1953, $3,739.06 in 1954, $4,532.31 in 1955 and $3,095.16 in 1956. The parties have stipulated that the amounts entered on the schedule as "Mortgage Note Payments" were payments on the principal of mortgage notes. In the notices of deficiency for each of the years, respondent disallowed the mortgage note payments as an expense and increased income accordingly. Other adjustments are not in issue here. Opinion Respondent was right in disallowing mortgage note payments as deductible expenses. The payments were merely partial payments of outstanding loans which, under no conceivable theory, could be called expenses. Petitioner James A. Habershaw, who is in the real estate and insurance business, appeared pro se and he seems to be of the opinion that note payments of principal are income when received by the payee and deductible by the payor. Respondent made adjustments in his favor where he reported *32 receiving partial repayments of some outstanding loans and reported them as income. It would serve no useful purpose to recite the devious argument advanced by Habershaw. Respondent's adjustment is sustained. Decision will be entered for the respondent. Footnotes
1. In 1955 the attached schedule was entitled "Income from Rents".↩